UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                         Case No. 18-20416

vs.                                  HON. MARK A. GOLDSMITH

MELVIN KING,

          Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT MELVIN KING'S MOTION FOR MODIFICATION OF SENTENCE (Dkt. 43)

Defendant Melvin King pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Judgment at 1 (Dkt. 25). On December 10, 2018, King was sentenced to 46 months' imprisonment. Id. at 2. King is currently incarcerated at the Milan Federal Correctional Institution in Milan, Michigan. He began serving his current sentence on January 1, 2019. His projected release date, which accounts for good conduct time, is March 1, 2022.

King previously filed two motions for compassionate release (Dkts. 29, 31). King withdrew his first motion (Dkt. 30), and the Court denied his second motion (Dkt. 42). King has now filed a new motion for compassionate release, requesting that the Court modify his sentence so that he can serve the remainder of his sentence on supervised release "with or without an anklet." Def. Mot. at 5 (Dkt. 43).[1] Specifically, King argues he is entitled to a sentence modification because (i) his health

---

[1] King's reference to serving his sentence on supervised release with an "anklet" suggests that King seeks home confinement as one form of relief. Insofar as a defendant seeks home confinement under the Coronavirus Aid, Relief, and Economic Security Act, § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020), the Bureau of Prisons has sole discretion to grant such relief. See United States v. Mattice, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020). However, courts granting compassionate release may convert a defendant's remaining sentence

conditions place him at higher risk of severe illness from COVID-19 and (ii) the "status" element of

his conviction (being a felon) cannot stand in light of <u>United States v. Rehaif</u>, 139 S. Ct. 2191 (2019).

For the reasons that follow, the Court denies King's motion.

## I.    BACKGROUND

King, 39 years old, has a long criminal history.   As a juvenile, he was arrested for

carjacking, armed robbery, and receiving and concealing stolen property.   As an adult, he has

received two felony convictions for delivery and possession of drugs.   He also has an adult felony

conviction for assault with intent to do great bodily harm.

In May 2018, King was carrying a firearm hidden in his hoodie when he saw Detroit police

officers on patrol.   He turned around to flee from the officers.   As he fled, he opened a dumpster

and attempted to hide his firearm inside the dumpster.   The officers saw and heard the dumpster

lid close.   They recovered a loaded .25 caliber firearm from the dumpster.   A traffic camera

recorded the entire incident.

## II.    LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal

prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated

defendants seeking to reduce their sentences.   <u>United States v. Ruffin</u>, 978 F.3d 1000, 1003-1004

(6th Cir. 2020).   Before granting a compassionate-release motion, a district court must engage in

a three-step inquiry: (i) the court must "find" that "extraordinary and compelling reasons warrant

[a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant

---

term to a term of supervised release and impose an initial term of home detention.   <u>See, e.g.</u>, <u>United</u>
<u>States v. Amarrah</u>, 458 F. Supp. 3d 611, 620-621 (E.D. Mich. 2020).

sentencing factors listed in 18 U.S.C. § 3553(a)."  <u>United States v. Jones</u>, 980 F.3d 1098, 1101

(6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  If all of those requirements are met, the district

court "may reduce the term of imprisonment," but it need not do so.  18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the Sixth Circuit has held that, with respect to

motions for compassionate release filed by imprisoned individuals, "extraordinary and

compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13.  <u>Jones</u>, 980 F.3d at

1109.  It further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First

Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary

and compelling' reason justifies compassionate release when an imprisoned person files a

§ 3582(c)(1)(A) motion."  <u>Id.</u>

### III.   ANALYSIS

For the following reasons, the Court finds that King has not demonstrated any extraordinary

and compelling reasons to justify a sentence modification and that the § 3553(a) factors do not favor

a sentence modification.

**A.  No Extraordinary and Compelling Reasons Warrant a Sentence Modification**

**i.  Health Conditions**

With respect to motions for compassionate release premised on a defendant's fear of

contracting COVID-19, the Sixth Circuit has held that "generalized fears of contracting COVID-

19, without more, do not constitute a compelling reason" to grant compassionate release.  <u>United

States v. Ramadan</u>, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).  Rather, a

defendant must point to specific conditions that create a higher risk that the defendant will contract

and suffer severe illness from the virus.  To determine whether a defendant's specific conditions

render him particularly vulnerable to COVID-19, courts may consult the guidance on high-risk

factors published by the Centers for Disease Prevention and Control ("CDC").  See United States v. Elias, 984 F.3d 516, 521 (6th Cir. 2021).

King argues that he has asthma.  Def. Mot. at 3.  His medical records confirm that he has asthma, but do not specify the severity of his asthma.  See BOP Medical Records, Ex. A. to Gov't Resp. (Dkt. 47).  King has been prescribed two inhalers to manage his asthma.  Id. at PageID.456.  Based on his medical records, it appears that King has not suffered any asthma attacks over the last year.  In his prior motions for compassionate release, King also argued that he is a pre-diabetic and has seizures.  See 6/10/20 Def. Mot. at PageID.72 (Dkt. 29); 7/29/20 Def. Mot. at 4 (Dkt. 31).  King's medical records confirm that he was diagnosed with pre-diabetes in May 2020.  BOP Medical Records at PageID.466.  Based on King's medical records, it appears that he has never been formally diagnosed with seizure disorder.

None of King's asserted health conditions presents an extraordinary and compelling reason to modify his sentence.  The CDC has not designated seizures as a condition that increases an individual's risk of severe illness from COVID-19.[2]  Likewise, although the CDC lists diabetes as a condition that "can" increase an individual's risk of severe illness from COVID-19, it does not list pre-diabetes as such a condition.  See id.

The CDC provides that asthma, "if it's moderate to severe," is a condition that "can" increase an individual's risk of severe illness of COVID-19.  See id.  However, the severity of King's asthma is unknown.  Other courts have declined to find that asthma of unspecified severity is an extraordinary and compelling reason for release.  See, e.g., United States v. Seals, No. 13-00653, 2020 WL 3578289, at *4 (D. Haw. Jul. 1, 2020).  Without knowing whether King has moderate or severe asthma, it would be speculative at best to say that his asthma makes him higher risk for severe illness

---

[2] See "People with Certain Medical Conditions" (CDC), https://perma.cc/2Z52-3VGA.

from COVID-19.  Further, this Court and others have declined to grant compassionate release where a defendant's asthma appears to be well controlled through medication and the defendant has not suffered any recent asthma attacks.  See United States v. Kornacki, No. 04-80843, 2021 WL 795677, at *3 (E.D. Mich. Mar. 2, 2021); United States v. Harris, No. 17-20485, 2020 WL 4788027, at *3 (E.D. Mich. Aug. 18, 2020).  King's asthma is managed through the use of two inhalers, and he has not suffered any documented asthma attacks over the last year.  Accordingly, the Court will not grant King a sentence modification on the basis of his asthma.

King suggests that he already contracted and recovered from COVID-19.  See Def. Mot. at 3 (arguing that he may not survive "if he gets coronavirus again"); Def. Reply at 7 (Dkt. 49) (arguing that he "had all the symptoms" of COVID-19 in April 2020).  However, his medical records do not reflect that he has ever tested positive for COVID-19.  See BOP Medical Records.  Even assuming that King has contracted and recovered from the virus, the Court finds that his speculative risk of reinfection does not support granting him a sentence modification.  According to current CDC guidance, "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[3]  Although "the probability of SARS-CoV-2 reinfection is expected to increase with time after recovery from initial infection because of waning immunity and the possibility of exposure to virus variants," an "increasing number of published studies suggest that," presently, ">90% of recovered COVID-19 patients develop anti-SARS-CoV-2 antibodies."[4]  Based on the CDC's guidance, other courts have held that the low risk of reinfection is not an extraordinary and compelling reason warranting release. See, e.g., United States v. Jackson, No. 17-55, 2021 WL 467590, at *2 (N.D. Ohio Feb. 9, 2021);

_____

[3] "Reinfection with COVID-19" (CDC), https://perma.cc/2KJJ-G8TK.

[4] "Interim Guidance on Duration of Isolation and Precautions for Adults with COVID-19" (CDC), https://perma.cc/VGA8-JQF6.

5

United States v. English, No. 19-20164, 2021 WL 267774, at *2 (E.D. Mich. Jan. 27, 2021).  This Court will follow suit.

For the foregoing reasons, King's health conditions and speculative risk of reinfection do not constitute extraordinary and compelling reasons to grant King a sentence modification.

### ii. **Rehaif**

King argues that the "status" element of his felon-in-possession conviction cannot stand in light of in Rehaif.  In Rehaif, the Supreme Court held that the Government, in prosecuting § 922(g) violations, must prove that a defendant knew he was among the group of persons prohibited from possessing a firearm—in this case, felons—to sustain a conviction.  139 S. Ct. at 2200.

A compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under Rehaif.  Rather, the proper vehicle is a motion under 28 U.S.C. § 2255. See, e.g., United States v. Spencer, No. 418-171, 2021 WL 43999, at *1 n.1 (S.D. Ga. Jan. 5, 2021); United States v. Jacobs, No. 04-00277, 2020 WL 7060968, at *3 (W.D.N.C. Dec. 2, 2020); cf. Rehaif, 139 S. Ct. at 2213 (Alito, J., dissenting) ("Those for whom direct review has not ended will likely be entitled to a new trial.  Others may move to have their convictions vacated under 28 U.S.C. § 2255."). This is because Rehaif provides a basis to vacate a defendant's conviction—not alter his term of imprisonment—and § 2255 controls motions to vacate convictions.  Further, "the Court cannot circumvent the strictures of § 2255 by relying on § 3582(c)(1)(A)."  United States v. Brown, No. 12-00224, 2020 WL 4345077, at *5 (W.D. Pa. July 29, 2020).

Even if the Court were to treat King's motion as a partial § 2255 motion and consider his Rehaif-based argument, the Court would be required to dismiss this argument as untimely.  Pursuant to § 2255 motion(f)(3), a petitioner must bring their § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . . ."  Because the Supreme

Court rendered its <u>Rehaif</u> decision on June 21, 2019, King was required to file any <u>Rehaif</u>-based § 2255 motion by no later than June 21, 2020. He failed to do so, waiting to file the instant motion containing his <u>Rehaif</u>-based argument until December 19, 2020.

Further, King does not actually argue that he did not know that he was a felon at the time of his offense; rather, he merely argues that, in light of <u>Rehaif</u>, "procedural aspects" of King's case were "hindered." Def. Mot. at 2. Even if King had argued that he was unaware that he was a felon, such an argument would be difficult to prove, given that a convicted felon typically knows that he is a convicted felon. <u>See</u> <u>Rehaif</u>, 139 S. Ct. at 2209 (Alito, J., dissenting) ("Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience . . . .").

For these reasons, the Court finds that King's <u>Rehaif</u>-based argument does not support modification of his sentence under § 3582(c)(1)(A).

**B. The § 3553(a) Factors Weigh Against Modifying King's Sentence**

Even if King had demonstrated extraordinary and compelling reasons, a sentence modification is nevertheless unwarranted in light of the § 3553(a) factor analysis. Before granting a sentence modification under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant.

King committed a serious offense by carrying a firearm in public after being convicted of a serious felony for assault with intent to do great bodily harm. By hiding his loaded firearm in a dumpster—a public place where someone could have accessed the gun—King created a serious danger to the public's safety. King argues that his "action of putting it in a dumpster with a closed lid kept it out of reach and where a person could not accidently come upon it." Def. Reply at 11. This

argument is not only unpersuasive, but it also suggests, perversely, that King took some sort of laudable safety precaution by putting a loaded firearm into a dumpster. King's attempt to minimize the dangerousness of his actions suggests either a lack of appreciation or a lack of remorse for the danger his actions posed to the public. Modifying King's sentence when he has only served a little over half of his sentence would not promote respect for the law or protect the public from further crimes by King. Further, in King's first two felony convictions for drug offenses, he violated his parole/probation terms and reached absconder status. King's record thus casts serious doubt as to his ability to abide by the terms of supervised release.

King's efforts towards self-improvement while he has been incarcerated include obtaining his GED and enrolling in an English class. While these efforts are laudable, they must be balanced against the disciplinary record that King has also maintained while incarcerated. Recently, in December 2020, King was convicted of threatening bodily harm. Inmate Disciplinary Record, Ex. B to Gov't Resp. (Dkt. 47-1). This recent incident indicates that King still has violent tendencies and would pose a danger to the community if released at this time.

In addition, several circumstances mitigate King's fears of contracting and suffering severe illness from COVID-19. First, FCI Milan, the facility at which King is incarcerated, currently has only two confirmed staff cases—and no inmate cases—of COVID-19.[5] Second, the Government represents that the BOP "is working swiftly to vaccinate inmates." Gov't Resp. at 7.[6]

Having considered the parties' briefs, exhibits, and all other relevant record materials, the Court determines that the § 3553(a) factors weigh against granting King a sentence modification.

---

[5] See BOP, "COVID-19 Cases," https://perma.cc/256P-66ZK.

[6] See also BOP, "COVID-19 Vaccine Implementation," https://perma.cc/256P-66ZK.

## IV.    CONCLUSION

For the reasons stated above, King's motion for a sentence modification (Dkt. 43) is

denied.

SO ORDERED.

Dated:  April 1, 2021                                 s/Mark A. Goldsmith
         Detroit, Michigan                            MARK A. GOLDSMITH
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2021.

s/Erica Karhoff on behalf of
Karri Sandusky, Case Manager

9